UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Richard Marschall | Heidi Kim |
| David DeBruin | Anne Rogaski |

**Proceedings:** Defendant's Motion for Leave to Amend Answer and Counterclaim to First Amended Complaint (filed 9/8/2008)

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Ormco Corp. ("Ormco") filed the instant action against defendant Align Technology, Inc. ("Align") on January 6, 2003, alleging that defendant is infringing three related Ormco patents: (1) U.S. Patent No. 5,447,432 ("the '432 patent"); (2) U.S. Patent No. 5,683,243 ("the '243 patent"); and (3) U.S. Patent No. 6,244,861 ("the '861 patent"). Plaintiff later amended its complaint to allege infringement of a fourth patent, U.S. Patent No. 6,616,444 ("the '444 patent").

The '444 patent, which is the only patent at issue herein, is a patent for "a system and method by which an orthodontic appliance is automatically designed and manufactured from digital low jaw and tooth shape data . . ." The '444 Patent, Abstract. The system involves scanning a model of the patient's mouth to "produce two or three dimensional images and digitizing contours of selected points." Id. The system allows for a computer to be programmed "to calculate finish positions of the teeth, then to design an appliance to move the teeth to the calculated positions." Id.

On May 13, 2004, the Court granted defendant's motion for summary judgment of noninfringement of plaintiff's patents. See Ormco, 498 F.3d 1307, 1311 (Fed. Cir. 2007), citing Ormco Corp. v. Align Tech., Inc., No. 03-cv-00016 slip. op. (C.D. Cal. May 13, 2004). On August 20, 2004, the Court granted defendant's motion for summary judgment of nonenablement of plaintiff's patents. See id., citing Ormco Corp. v. Align Tech., Inc., No. 03-cv-00016, slip. op. (C.D.Cal. Aug. 20, 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

Plaintiff appealed to the Federal Circuit. On August 24, 2007, the Federal Circuit affirmed the Court's grant of summary judgment of noninfringement and nonenablement as to claims 1, 9, and 10 of the '432 patent, claims 1 and 2 of the '243 patent, claims 1, 3, 4, 9-12, and 16-18 of the '861 patent, and claims 1-5, 8-36, 41-44, 46-68, and 70-79 of the '444 patent. Ormco, 498 F.3d at 1320. However, the court reversed the grant of summary judgment of noninfringement and nonenablement of claims 37-40, 45, and 69 of the '444 patent, and remanded the action to this Court. Id.

The deadline to amend pleadings in the instant action was originally set for August 2003, and was later changed to January 2004. Mot. at 3. No new deadline to amend pleadings was set after remand of the case. Mot. at 3.

Defendant filed the instant motion for leave to amend its answer and counterclaim to plaintiff's first amended complaint ("FAC") on September 8, 2008. Defendant filed an opposition on September 22, 2008. A reply was filed on September 29, 2009. A hearing was held on October 3, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

II.    **LEGAL STANDARD**

   A.    **FEDERAL RULE OF CIVIL PROCEDURE 15**

Generally, amendment of pleadings is governed by Fed. R. Civ. P. 15. Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Four factors are relevant to the determination of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990));

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### B. FEDERAL RULE OF CIVIL PROCEDURE 16

Once the district court enters a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b)'s standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b) provides that a scheduling order "shall not be modified except by leave of court and upon a showing of good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609. In determining whether good cause exists, courts may consider the importance of the amendment, potential prejudice to the opposing party, and the explanation for the failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

### C. HEIGHTENED PLEADING STANDARD UNDER FED. R. CIV. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

     A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

## III.   DISCUSSION

     Defendant seeks leave to amend its answer and counterclaim to plaintiff's FAC to include a counterclaim for inequitable conduct. Mot. at 2. As a preliminary matter, the Court must decide whether Fed. R. Civ. P. 15(a) or Fed. R. Civ. P. 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609). Here, the Court has already set a deadline for amending pleadings. Therefore, Rule 16 applies to defendant's motion for leave to amend, and in determining whether good cause exists, the Court may consider the importance of the amendment, potential prejudice to the opposing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

party, and the explanation for the failure to timely move for leave to amend. Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607-08.

### A.   IMPORTANCE OF AMENDMENT

In its counterclaim for inequitable conduct, defendant alleges that plaintiff engaged in misconduct related to the prosecution and issuance of two of its patents: U.S. Patent No. 5,011,405 ("the '405 patent") and the '444 patent (the patent at issue in this litigation). Furthermore, defendant alleges that plaintiff engaged in misconduct in prosecuting a continuation application for a pending patent (Serial No. 10/635,152) ("the '152 patent application").

Inequitable conduct must be pled with particularity. Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity"). To prove inequitable conduct, defendant

> must present evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO]. Further, at least a threshold level of each element – i.e., both materiality and intent to deceive – must be proven by clear and convincing evidence." Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d *16 (Fed. Cir. 2008).

Even if these elements are proven by clear and convincing evidence, "the district court must still balance the equities to determine whether the applicant's conduct before the PTO was egregious enough to warrant holding the entire patent unenforceable." Id.

Defendant alleges that its counterclaim contains particularized allegations directed at each of the two elements of inequitable conduct. Mot. at 21. Because any inequitable conduct by plaintiff related to prosecution of the '444 patent is relevant and material to the disposition of the instant action, the "importance of the amendment" test would favor granting defendant leave to amend its answer to include allegations of inequitable conduct. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

Plaintiff, however, argues that defendant's counterclaim is futile, because it would not survive a motion to dismiss or a motion for summary judgment. Opp'n at 3; See Cal v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004) ("The grant or denial of an opportunity to amend is within the discretion of the trial court, and denial of leave to amend is appropriate if amendment would be futile. Futility includes the inevitability of a claim's defeat on summary judgment."); Davis v. Astrue, 250 F.R.D. 476, 482 (N.D. Cal. 2008) ("[a]n amendment is futile if it will be subject to dismissal or summary judgment.") Therefore, defendants' allegations with regard to each of the three patent prosecutions must be examined to determine whether the allegations raise genuine issues of material fact regarding inequitable conduct related to the '444 patent at issue herein.

### 1. THE '405 PATENT

Defendant alleges that plaintiff engaged in misconduct when it acquired the '405 patent and participated in its reissuance. The '405 patent was originally issued on April 30, 1991, pursuant to a patent application filed in 1989 by Dr. Marc Lemchen ("Lemchen"). Proposed First Amended Answer and Counterclaims to First Amended Complaint ("Counterclaim") ¶ 44. Defendant alleges that after the issuance of the '405 patent, plaintiff approached Dolphin Imaging (the assignee of the '405 patent) to discuss the possibility of purchasing the patent. Counterclaim ¶ 47; Mot. at 5. Defendant alleges that plaintiff also approached Lemchen and claimed that Dr. Craig Andreiko ("Andreiko"), one of the inventors of the subsequent '444 patent, was a co-inventor of the '405 patent and demanded that Lemchen reissue the patent to include Andreiko as co-inventor. Counterclaim ¶ 47; Mot. at 5. Defendant alleges that Lemchen's cooperation in reissuing the patent was not obtained until plaintiff promised to pay Dolphin Imaging $75,00 and Lemchen additional money through a revenue sharing agreement. Counterclaim ¶ 47; Mot. at 5.

Defendant further alleges that, in order to obtain a reissuance of the patent, plaintiff's outside patent counsel, Joseph Jordan ("Jordan"), prepared a draft declaration for Lemchen to submit to the Patent and Trademark Office ("PTO"). Counterclaim ¶ 10. 48; Mot. at 5-6. Defendant alleges that, in reviewing the draft declaration, Lemchen objected to some of the statements contained therein, including a statement that Andreiko had demonstrated his invention to Lemchen prior to the issuance of the patent. Counterclaim ¶ 48; Mot. at 6. Defendant alleges that Jordan subsequently revised the references in the declaration to respond to Lemchen's objections, and sent the revised

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

copy to Lemchen. Counterclaim ¶ 50; Mot. at 6. However, defendant alleges that plaintiff, without the knowledge of Lemchen, filed a different declaration with the PTO, which contained the original language to which Lemchen had objected. Counterclaim ¶ 50; Mot. at 7. Defendant also alleges that plaintiff failed to inform the PTO that there was a dispute over whether Andreiko had ever demonstrated the invention to Lemchen. Counterclaim ¶ 50; Mot. at 7.

Defendant additionally alleges that when the PTO required a second declaration from Lemchen to further explain his error of not including Andreiko as a co-inventor in the original patent application, Lemchen required plaintiff to indemnify him for any claims arising out of statements he made during reissuance. Counterclaim ¶ 52; Mot. at 7. Defendant alleges that Lemchen objected to a provision in the indemnification agreement requiring him to provide complete and truthful statements in the declarations, noting on the draft "This ¶ becomes very subjective since I may in fact disagree with their representations." Counterclaim ¶ 52; Mot. at 8. Defendant further argues that "unless there was some concern that Ormco was asking Dr. Lemchen to make untrue statements in the reissuance proceedings, there is no conceivable reason for such an agreement." Counterclaim ¶ 53; Mot. at 9.

Plaintiff counters with two arguments regarding futility of defendant's amendment. First, plaintiff argues that there is, in fact, no evidence of fraud during the reissuance of the '405 patent. Opp'n at 4. Second, plaintiff argues that, regardless, the allegations are irrelevant as to whether plaintiff engaged in inequitable conduct during the prosecution of the '444 patent, which is the patent at issue in the instant action. Opp'n at 7. Neither of these arguments, however, are sufficient to show that defendant's amendment would be futile.

First, plaintiff argues that there is no evidence of fraud, because in the declarations Lemchen made to the PTO, he explicitly stated under penalty of perjury that Andreiko was a co-inventor of the '405 patent and that he had mistakenly omitted Andreiko as a co-inventor because he had not understood the significance of what he had learned from Andreiko's work. Opp'n at 6. Plaintiff alleges that defendant has no evidence to dispute the accuracy of these statements. Opp'n at 6. Furthermore, plaintiff argues that, in defendant's deposition of Lemchen, Lemchen stated, referring to the declaration filed with the PTO, "if I signed it, then I would assume that it was correct." Opp'n at 6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

Despite plaintiff's arguments, however, the Court finds that there remains a question of fact as to whether inequitable conduct occurred during the prosecution of the '405 patent.

Second, plaintiff argues that allegations regarding plaintiff's conduct during the reissuance of the '405 patent are irrelevant to the issue of whether plaintiff engaged in misconduct in prosecuting the '444 patent years later. Opp'n at 7, citing Black and Decker, Inc. v. Hoover Service Center, 765 F. Supp. 1129, 1138 (D. Conn. 1991) ("a patent owner's alleged inequitable conduct in other patent application proceedings is not relevant."); FMC Corp. v. Hennessy Industries, Inc., 836 F.2d 521, 524 (Fed. Cir. 1987) ("[patent owner's] practice with other applications is not relevant.") The '405 patent is not part of the same family of patents as the '444 patent. Opp'n at 7. Furthermore, plaintiff argues, in the '444 patent prosecution, plaintiff disclosed the '405 patent to the PTO, and never disputed that the '405 patent was a prior art reference. Opp'n at 7. Plaintiff argues that, therefore, "a reasonable examiner would not consider the inventorship or ownership issues regarding the '405 patent to be material – or even relevant – since neither issue had any bearing on the patentability of the claims at issue during the '444 prosecution." Opp'n at 7.

Defendant, however, argues that the '405 patent, as prior art to the '444 patent, was relevant in the '444 patent prosecution. Reply at 13. Defendant argues that, as a result, the alleged conduct with regard to ownership and reissuance of the '405 patent permeated the prosecution of the '444 patent, and has an "immediate and necessary relation" to the enforcement of the '444 patent. Mot. at 22; see Consolidated Aluminum Corp. v. Foseco Int'l, Ltd., 910 F.2d 804, 810-811 (Fed. Cir. 1990) (finding that the application of inequitable conduct was appropriate, because plaintiff's concealment of information in prosecuting one patent had "immediate and necessary relation" to the enforcement of three other patents).

Although the degree of interrelatedness between the two patent prosecutions is not entirely clear, the Court finds that, at this juncture, defendant has alleged sufficient facts to support a finding that alleged misconduct in the '405 patent proceeding may have affected the '444 patent proceeding. Therefore, defendant has met its burden of showing that the allegations regarding the '405 patent prosecution are sufficiently important to warrant leave to amend, and plaintiff has failed to show that defendant's amendment as to these facts would be futile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

### 2. THE '444 PATENT

Defendant alleges that in prosecuting the '444 patent, plaintiff violated the duty of candor it owes to the PTO pursuant to 37 C.F.R. 1.56. Counterclaim ¶ 57; See 37 C.F.R. 1.56(a) ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability").

First, defendant alleges that, in the '444 patent prosecution, plaintiff characterized the '405 patent in a way that was inconsistent with the way the '405 patent was characterized in a declaration that Jordan had drafted and submitted from Dr. Michael Scott ("Scott") years earlier in the prosecution of a different Ormco patent, U.S. Patent No. 5,431,562 ("the '562 patent"). Counterclaim ¶ 59; Mot. at 10. Furthermore, defendant alleges that plaintiff knew that the Examiner was mistaken about the full teaching of the '405 patent, in that he was interpreting the patent in a way that was inconsistent with the Scott declaration, but did not say anything, "capitalizing on the Examiner's mistake to gain issuance of its claims." Counterclaim ¶ 58, 61; Mot. at 11. Moreover, defendant alleges that plaintiff failed to submit a copy of the Scott declaration to the Examiner of the '444 patent, in violation of its duty of candor. Counterclaim ¶ 59; Mot at 10. Finally, defendant alleges that plaintiff failed to advise the PTO that the '405 patent was now owned by plaintiff and had been reissued. Counterclaim ¶ 60; Mot. at 11.

Plaintiff, however, argues that defendant's allegations do not make a threshold showing of inequitable conduct. Opp'n at 8. First, plaintiff argues that defendant fails to show that plaintiff "made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information," the first requirement for a showing of inequitable conduct. See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d *16 (Fed. Cir. 2008). For example, plaintiff argues that it was under no duty to submit the Scott declaration during the prosecution of the '444 patent, because the '444 patent is a continuation of the '562 patent, and, according to the PTO manual, "[t]he examiner of the continuing application will consider information which has been considered by the Office in the parent application." Opp'n at 8, citing PTO's Manual of Patent Examining Procedure § 609.02; See also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 547 (Fed. Cir. 1998). Defendant, however, argues that the '562 patent is not exactly the parent of the '444 patent, because three other patents derived from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

'562 patent were prosecuted during the nine year period between the prosecutions of the '562 patent and the '444 patent. Reply at 16.

In addition, plaintiff argues that its failure to disclose that it now owned the '405 patent is not important, because the specification for the Lemchen '405 patent (which plaintiff did disclose) and the reissuance of the '405 patent were the same, and because the ownership issue had no bearing on the question of whether the '444 claims were valid. Opp'n at 10. Defendant, however, argues that 26 new claims were added to the '405 patent during reissuance, and plaintiff's failure to submit the reissued patent, as well as the declarations of Lemchen and Andreiko, resulted in the Examiner not having complete information about the patent's teaching. Reply at 14. Defendant alleges that if plaintiff had disclosed the facts underlying reissuance, "the Examiner likely would have requested more information about the inventions disclosed in the '405 patent" or, at a minimum, would have had a better understanding of the '405 patent's teachings. Reply at 15.

Based on the foregoing, the Court finds that defendant has alleged sufficient facts to raise a question as to whether plaintiff made "an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information." See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d *16 (Fed. Cir. 2008).

Plaintiff also argues that even if the reissuance of the patent and the Scott declaration should have been disclosed to the PTO, defendant's amendment would nevertheless be futile, because defendant fails to set forth clear and convincing evidence that plaintiff had the intent to deceive the PTO, the second requirement for showing inequitable conduct. See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d *18 (Fed. Cir. 2008). In Star Scientific, the court held that

> [i]n a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference. Thus, the fact that information later found material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct. Id.

The court further held that "because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. But such evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

must still be clear and convincing . . . [and the inference] must also be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." Id. at *19-20.

Plaintiff argues that deceptive intent is not the most reasonable inference to be drawn from defendant's allegations. Opp'n at 12. With regard to plaintiff's failure to submit the reissued '405 patent, plaintiff argues that it is more reasonable to infer that it was "a negligent but honest mistake that it was unnecessary to do so as the Examiner already had the same specification before it in the original Lemchen patent." Opp'n at 12.

In addition, plaintiff argues that intent to deceive is not the most reasonable inference to be drawn from the allegations regarding the Scott declaration. Opp'n at 12. First, plaintiff argues that, contrary to defendant's assertions, it is not clear that the Examiner's statements regarding the '405 patent during the '444 prosecution contradicted the Scott declaration's statements about the '405 patent. Opp'n at 12. In fact, plaintiff argues, the statements are actually very similar. Therefore, plaintiff argues, it is reasonable to infer that plaintiff did not disclose the Scott declaration not because it intended to deceive, but because it interpreted the Examiner's statements and the declaration to be consistent. Opp'n at 14.

Considering the arguments of the parties, the Court finds that there are questions as to whether it was reasonable for plaintiff to not submit the Scott declaration and the reissued '405 patent to the Examiner in the '444 patent prosecution. In addition, there remains an issue as to whether it was reasonable for plaintiff to view the Examiner's interpretation of the patent and the Scott Declaration to be consistent with one another. Therefore, plaintiff has failed to demonstrate that defendant could not succeed in showing that intent to deceive is the most reasonable inference to be drawn from plaintiff's conduct. See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d *16, *19-20 (Fed. Cir. 2008). Thus, defendant has met its burden of showing that the allegations regarding the '444 patent prosecution are sufficiently important to warrant leave to amend, and plaintiff has failed to show that defendant's amendment as to these facts would be futile.

### 3. THE '152 PATENT APPLICATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

    Defendant also alleges that plaintiff engaged in continuing misconduct with regard to the prosecution of the '152 patent application, which began in 2003 and is currently pending. Counterclaim ¶ 64; Mot. at 11. The '152 patent is part of the '444 patent family. Counterclaim ¶ 64; Mot. at 11. Defendant alleges that in the '152 patent application proceedings, Jordan relied on statements in the Lemchen declaration (submitted in the '405 patent prosecution) to which Jordan knew that Lemchen had objected. Counterclaim ¶ 66; Mot. at 12. Defendant further alleges that plaintiff did not disclose to the PTO that there was litigation pending with defendant on a related patent (the '444 patent), in violation of the Manual of Patent Examining Procedure § 2001.06(c). Counterclaim ¶ 68; Mot. at 12. Further, defendant alleges that plaintiff did not submit to the PTO the material prior art references to the '444 patent that defendant had identified and produced to plaintiff during the course of the instant action. Counterclaim ¶ 68; Mot. at 13.

    Because both parties agree that this Court does not have subject matter jurisdiction to declare claims in the '152 patent invalid, the only issue over which the Court has jurisdiction is whether inequitable conduct occurred in prosecuting the '444 patent. Opp'n at 15; Reply at 19. Defendant, argues that there is an "immediate and necessary relation" between the misconduct of Jordan, Tomassi and Andreiko during the prosecution of the '405 patent reissuance, the '444 patent, and the '152 patent application, because "the pattern of conduct related to the same subject matter, events in one prosecution come into play in other prosecutions" and the misconduct was engaged in by the same parties. Reply at 4; see Consolidated Aluminum, 910 F.2d at 810-811.

    However, the Court finds defendant's arguments unconvincing with regard to allegations of inequitable conduct during the '152 patent application. Because that alleged conduct occurred after the '444 patent issued, it is not relevant to plaintiff's prosecution of the '444 patent. Opp'n at 16. See, e.g., SSIH Equipment S.A. v. United States International Trade Com., 718 F.2d 365, 378 (Fed. Cir. 1983) (rejecting "as a matter of law" a contention that a party's "unclean hands" with regard to procurement of certain patents rendered a previously-acquired patent unenforceable).[1] While defendant is free to

---

[1] Defendant cites three cases – Consolidated Aluminum Corp., 910 F.2d at 809-810; Pharmacia Corp. et al. v. PAR Pharmaceutical, Inc., 417 F.3d 1369 (Fed. Cir. 2005); and Hoffman-La Roche, Inc. v Promega Corp., 319 F. Supp. 2d 1011 (N.D. Cal. 2004) –

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

raise these negotiations in a separate suit regarding the '152 patent, it would be futile to raise them in the instant action, where only the '444 patent is at issue.

Therefore, the Court strikes from defendant's proposed counterclaim paragraphs 64-72 and all other references therein to plaintiff's alleged inequitable conduct with regard to the '152 patent application.

    **B.    REASON FOR FAILURE TO TIMELY AMEND**

Defendant alleges that, at the deadline to amend pleadings in January 2004, it was not aware of complete information regarding inequitable conduct. Mot. at 17. After remand, however, defendant alleges that it discovered that plaintiff was prosecuting a continuation application related to the '444 patent. Mot. at 3. Defendant alleges that it was then that it discovered that misconduct occurred related to this application, and that plaintiff had failed to disclose any of the related documents to them. Mot. at 3. Therefore, defendant subpoenaed documents from Lemchen and deposed him on July 16, 2008. Mot. at 3. Defendant alleges that the documents and deposition revealed a pattern of misconduct, specifically regarding what Jordan, Tomassi, and Andreiko failed to disclose to the PTO. Mot. at 3. Therefore, defendant deposed Andreiko on July 24, 2008 and Tomassi on July 31, 2008. Mot. at 3. After the depositions, defendant drafted the

---

in its reply to support its argument of an "immediate and necessary relation" between the alleged conduct in the '152 patent application and the '444 patent prosecution. None of these cases, however, support its argument. In <u>Consolidated Aluminum</u>, 910 F.2d at 810-811, the court found that the application of inequitable conduct was appropriate, because plaintiff's concealment of information in prosecuting one patent had "immediate and necessary relation" to the enforcement of three other patents at issue. However, in that case, the "immediate and necessary relation" was found because the concealment provided plaintiff with a basis for <u>subsequently</u> prosecuting the patents at issue, which it would not have had if the concealment had not occurred. See <u>id</u>. By contrast, in the instant action, misconduct in the '152 patent application could not have had any effect on the '444 patent prosecution, which occurred years earlier. Similarly, neither <u>Pharmacia Corp</u>., 417 F.3d 1369, nor <u>Hoffman-La Roche</u>, 319 F. Supp. 2d 1011, involved a finding of "immediate and necessary relation" between the prosecution of the patent at issue and inequitable conduct that occurred in a subsequent patent prosecution.

Case 8:03-cv-00016-CAS-AN Document 932 Filed 10/03/08 Page 14 of 15 Page ID #:2238

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

proposed amended counterclaim, and began to meet and confer with plaintiff on August 13, 2008. Mot. at 4.

Defendant further argues that because inequitable conduct must be pled with particularity, defendants in a patent case should be permitted to pursue relevant discovery before pleading it. Mot. 16, citing Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) (". . .because the legal theory implicates Federal Rule of Civil Procedure 9(b), requiring pleading of fraud with particularity, SciMed was entitled to confirm factual allegations before amending to include the inequitable conduct defense); Enzo Life Sciences, Inc., v. Digene Corp., 270 F. Supp. 2d 484, 487-90 (D. Del. 2003) ("the Court concludes that since the Rule 9(b) 'pleading with particularity' requirement is implicated with regard to an inequitable conduct claim, Digene was prudent and possibly required to confirm the factual allegations through discovery"); Bd. Of Trs. v. Roche Molecular Sys., 2008 U.S. Dist. LEXIS 16556, *22 (N.D. Cal. 2008) ("Waiting to file the motion until after obtaining corroborating deposition testimony [to assert inequitable conduct counterclaim] is also sufficient to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)").

Based on the foregoing, the Court finds that defendant has shown sufficient reason for failure to timely amend. While plaintiff argues that defendant's 2003 assertion of an unclean hands defense calls into question whether defendant lacked the facts necessary to timely plead inequitable conduct, defendant rightly counters that, unlike inequitable conduct, unclean hands does not require pleading with particularity. See Opp'n at 17; Reply at 22. Therefore, it was reasonable for defendant to conduct further discovery before seeking to amend.

### C. PREJUDICE TO ORMCO

Plaintiff argues that it would be prejudiced if defendant is granted leave to amend, as it would lead to more discovery and the need to prepare a motion for summary judgment on the counterclaim and to prepare a defense at trial. Opp'n at 16. Furthermore, plaintiff argues that defendant brought the claim in bad faith, and that defendant's allegations that plaintiff paid Lemchen to lie to the PTO and implications in the motion that plaintiff tried to hide the conduct through discovery abuse were brought to portray plaintiff as "bad actors." Opp'n at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | October 3, 2008 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

However, the Court finds that plaintiff would not suffer undue prejudice from the filing of the counterclaim. Mot at 20. Because defendant's allegations of inequitable conduct during the '405 and '444 patent prosecutions raise issues of fact that may be relevant to the instant action, there is no indication that the allegations were brought in bad faith. Furthermore, the mere fact that plaintiff will have to respond to good faith allegations through summary judgment motions or otherwise is not, alone, sufficient prejudice to warrant denying leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for leave to amend its answer and counterclaim to plaintiff's FAC. However, the Court strikes from the proposed counterclaim paragraphs 64-72 and all other references therein to plaintiff's alleged inequitable conduct with regard to the pending '152 patent application.

IT IS SO ORDERED

|  |  | 00 | : | 09 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |