THOMAS P. LAMBERT (SBN 050952)
tpl@msk.com
KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

DAVID L. DEBRUIN *pro hac vice*
RICHARD H. MARSCHALL *pro hac vice*
CHARLES J. CRUEGER *pro hac vice*
JOSEPH T. MIOTKE *pro hac vice*
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Telephone: (414) 271-6560
Facsimile: (414) 277-0656

Attorneys for Plaintiff
ORMCO CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORMCO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. SACV 03-16 CAS (ANx)<br><br>The Honorable Christina A. Snyder<br><br>**ORMCO'S CORPORATION'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CLARIFY OR, IN THE ALTERNATIVE, TO RECONSIDER THE ORDER DENYING IN PART SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT (Dkt. No. 1077)**<br><br>CTRM.: 5 |

2148531.1

TO: DEFENDANT AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Ormco Corporation will and hereby does move the Court *ex parte* to clarify or, in the alternative, to reconsider its Order Granting in Part and Denying in Part Ormco's Motion for Summary Judgment of No Inequitable Conduct.

This Application is based upon the grounds that Court's Opinion improperly places a burden on Ormco to come forward with evidence explaining why the Scott declaration was not submitted during the '444 patent prosecution in order to rebut Align Technology, Inc.'s argument that the single most reasonable inference from the failure to disclose this allegedly material information is that Ormco intended to deceive the PTO, and is based upon this Notice and the attached Memorandum of Points and Authorities in Support of this Application, all filed concurrently herewith, and all pleadings and papers on file in this matter, and oral argument.

Plaintiff has complied with Local Rule 7-19 on Tuesday, March 03, 2009, Attorneys David DeBruin and Richard Marschall, for Ormco, conferred by telephone with Attorneys Annie Rogaski and Jon Swenson, for Align, but were unable to resolve these issues.

MICHAEL BEST & FRIEDRICH LLP

DATED: March 4, 2009         By:   /s/ David L. De Bruin
                                   David L. De Bruin
                                   Attorneys for Plaintiff
                                   ORMCO CORPORATION

1

## ARGUMENT

Align claims that Ormco intended to deceive the PTO by not disclosing the Scott declaration during the prosecution of the '444 patent claims. In denying Ormco's motion for summary judgment on this issue of intent, the Court stated that "although Align has not presented direct evidence of intent to deceive the PTO, the factual circumstances raise a question as to whether intent to deceive is the most reasonable inference to be drawn from Ormco's failure to submit the Scott declaration during the prosecution of the '444 patent." Order Granting in Part and Denying in Part Ormco's Motion for Summary Judgment of No Inequitable Conduct ("Opinion"), Dkt. No. 1077 at 21. Because the allocation of this burden of proof will affect Ormco's witness and exhibit lists and other matters which must be discussed at the meeting of counsel pursuant to L.R. 16-2 scheduled for March 24, 2009, and will affect other pretrial filings required to be filed very soon thereafter, Ormco respectfully files this Application *ex parte* to request that the Court clarify or, in the alternative, reconsider its decision on this point.

There is no dispute that Align has the burden to prove intent by clear and convincing evidence.[1] *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1368 (Fed. Cir. 2008). As the Court noted in its Opinion, however, Align has developed no direct evidence during discovery on why the Scott declaration was not disclosed. Further, the Court's Opinion fails to cite any indirect (circumstantial) evidence Align has developed on intent and notes that Ormco had pointed out that Align had developed none. Dkt. No. 1077 at 21. Align simply argues that the Scott declaration was material and not disclosed, that Ormco supplied no explanation for not disclosing this information, and that the only reasonable inference to be drawn from the failure to disclose this allegedly material

---

[1] Thus to survive a motion for summary judgment, Align must come forward with not just some evidence, but clear and convincing evidence. *See Crown Operations International v. Solutia Inc.*, 289 F.3d 1367, 1377-78 (Fed. Cir. 2002), (affirming summary judgment of no invalidity because the defendant had not shown clear and convincing evidence of invalidity).

2

information is that Ormco intended to deceive the PTO.  Yet "**when the absence of a good faith explanation is the only evidence of intent, . . . that evidence alone does not constitute clear and convincing evidence warranting an inference of intent**."  537 F.3d at 1368 (emphasis added).  Although a court may no doubt infer intent from indirect evidence, "no inference can be drawn if there is no evidence, direct or indirect, that can support the inference."  *Id.*

As written, the Court's Opinion improperly places a burden on Ormco to come forward with evidence explaining why the Scott declaration was not submitted during the '444 patent prosecution in order to rebut Align's argument that the single most reasonable inference from the failure to disclose this allegedly material information is that Ormco intended to deceive the PTO.  It is Align's burden, however, to come forward with clear and convincing evidence showing that Ormco made a deliberate decision to withhold the Scott declaration, and "the fact that information later found to be material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct."  *Id.*  As the Court observed in its Opinion, Align did not ask Ormco or the attorney who prosecuted the '444 patent a single question as to why the Scott declaration was not disclosed.[2]  The result is that Ormco finds itself having to affirmatively disprove the intent element of Align's inequitable conduct claim when Align has no evidence on this issue, much less clear and convincing evidence, for Ormco to rebut or discredit at trial.

Accordingly, Ormco respectfully requests that the Court reconsider its decision and, given Align's lack of evidence on intent, grant Ormco summary judgment of no inequitable conduct on Align's claim regarding the Scott declaration.  Reconsideration is warranted because of a manifest showing of a

---

[2] The fact that Align did not even ask a single question regarding why Ormco did not disclose the Scott declaration when it deposed Ormco or its prosecuting attorney is a fatal gap in Align's evidence of intent.  *See Star Scientific*, 537 F.3d at 1367-1368 (no evidence to support intent when defendant failed to ask witnesses about the critical facts in depositions).

failure to consider material facts (here the absence of evidence of intent) presented to the Court before decision. L.R. 7-18(c). Align cannot shift its evidentiary burden to Ormco, as it attempts to do, by arguing Ormco must come forward with an explanation of its actions. Alternatively, Ormco respectfully requests that the Court clarify its decision to make clear (1) that Ormco has no burden to come forward with evidence explaining why the Scott declaration was not disclosed, and (2) that Align cannot rely solely on the fact that the Scott declaration was not disclosed, and the absence of a good faith explanation from Ormco as to why it was not disclosed, as circumstantial evidence to prove intent.

## CONCLUSION

Align's inequitable conduct claim lacks any basis in fact in law and the Court should grant Ormco's motion for summary judgment.

Dated March 4, 2009
MICHAEL BEST & FRIEDRICH LLP

By: /s/ David L. DeBruin
David L. Debruin
Attorneys for Plaintiff
ORMCO CORPORATION