UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | SACV 03-16 CAS (ANx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) Ormco's Ex Parte Application for Order to Clarify or, in the Alternative, to Reconsider the Order Denying in Part Summary Judgment of No Inequitable Conduct** (filed 3/4/2009)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the matter is hereby taken under submission.

## I.     INTRODUCTION

On March 4, 2009, plaintiff Ormco Corporation ("Ormco") filed the instant ex parte application for an order to clarify or, in the alternative, to reconsider the Court's February 23, 2009 order granting in part and denying in part Ormco's motion for summary judgment of no inequitable conduct.  Defendant Align Technology, Inc. ("Align") filed an opposition on March 16, 2009.

## II.     LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order.  The Rule provides as follows:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

change of law occurring after the time of such decision, or (c) a manifest
showing of a failure to consider material facts presented to the Court before
such decision. No motion for reconsideration shall in any manner repeat any
oral or written argument made in support of or in opposition to the original
motion.

L.R. 7-18.

## III.  DISCUSSION

Ormco requests that the Court reconsider its order denying summary judgment of
no inequitable conduct as to Ormco's failure to submit the Scott declaration, arguing that
Align presented no evidence of intent to deceive. Ormco argues that "[r]econsideration is
warranted because of a manifest showing of a failure to consider material facts (here the
absence of evidence of intent) presented to the Court before decision." Ex Parte
Application at 3-4. However, the Court finds that Ormco has not demonstrated that the
Court failed to consider material facts. Therefore, the Court DENIES Ormco's ex parte
application to reconsider.

Ormco also requests that the Court

> [c]larify its decision to make clear (1) that Ormco has no burden to come
> forward with evidence explaining why the Scott declaration was not
> disclosed, and (2) that Align cannot rely solely on the fact that the Scott
> declaration was not disclosed, and the absence of a good faith explanation
> from Ormco as to why it was not disclosed, as circumstantial evidence to
> prove intent.

Ex Parte Application at 4.

In response to Ormco's request for clarification, the Court reiterates the standard
set forth in Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1368 (Fed.
Cir. 2008). "In a case involving nondisclosure of information, clear and convincing
evidence must show that the applicant made a deliberate decision to withhold a known
material reference." Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d at 1366.
Courts have "repeatedly" found that "direct evidence of intent is unavailable in most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | | Date | March 18, 2009 |
|----------|----------------------|--|------|----------------|
| Title | Ormco Corp. v. Align Technology, Inc. | | | |

cases and unnecessary in any event." Frazier v. Roessel Cine Photo Tech, Inc., 417 F.3d 1230, 1236 (Fed. Cir. 2005); see also Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd., 394 F.3d 1348, 1354 (Fed. Cir. 2005) ("Intent need not, and rarely can, be proven by direct evidence. Rather, in the absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information."); Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp., 351 F.3d 1139, 1146 (Fed. Cir. 2003) ("Direct evidence of deceptive intent is not required; rather it is usually inferred from the patentee's overall conduct."). However, "the inference must not only be based on sufficient evidence and be reasonable in light of that evidence, but it must also be the single most reasonable inference able to be drawn from the evidence to meet the clear and convincing standard." Id. Furthermore, a party asserting inequitable conduct cannot carry its burden simply by pointing out that the opposing party failed to provide a credible explanation for its failure to disclose. Id. at 1368. "Only when the accused infringer has met [its] burden is it incumbent upon the patentee to rebut the evidence of deceptive intent with a good faith explanation for the alleged misconduct." Id.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|----|---|----|
| Initials of Preparer | | CMJ | |