UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | SACV 03-16 CAS (ANx) | | Date | March 18, 2009 |
|---|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) Ormco's Ex Parte Application for Order to Clarify or, in the Alternative, to Reconsider a Portion of the Order Denying Align's Motion to Exclude Opinioons of Drs. Roberts and Hall and Denying Ormco's Motion to Strike Richard Ferraro and Align's Definition of a Person of Ordinary Skill in the Art** (filed 3/4/2009)

The Court finds this motion appropriate for decision without oral argument. Fed R. Civ. P. 78; Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

## I.    INTRODUCTION

On March 4, 2009, plaintiff Ormco Corporation ("Ormco") filed the instant motion for an order to clarify or, in the alternative, to reconsider a portion of the Court's February 23, 2009 order denying Align's motion to exclude expert opinions of Ormco's witnesses Drs. Roberts and Hall and denying Ormco's motion to strike the expert testimony of Align's witness Richard Ferraro and Align's definition of a person of ordinary skill in the art. Defendant Align Technology, Inc. ("Align") filed an opposition on March 16, 2009.

## II.    LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

A motion for reconsideration of the decision on any motion may be made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

only on the grounds of (a) a material difference in fact or law from that
presented to the Court before such decision that in the exercise or reasonable
diligence could not have been known to the party moving for reconsideration
at the time of such decision, or (b) the emergence of new material facts or a
change of law occurring after the time of such decision, or (c) a manifest
showing of a failure to consider material facts presented to the Court before
such decision.  No motion for reconsideration shall in any manner repeat any
oral or written argument made in support of or in opposition to the original
motion.

L.R. 7-18.

## III.    DISCUSSION

Ormco argues it was improper for the Court to determine what the "pertinent art"
is, given the existence of a factual dispute over the issue.

As the Court stated in its February 23 order regarding expert witnesses (Dkt. No.
1074), it made no finding of whom "the person of ordinary skill in the art" was, despite
the parties' arguments which encouraged the Court to do so.  Rather, it merely
determined that all of the challenged witnesses were "experts in the pertinent art," as is
required for them to testify under Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d
1356 (Fed. Cir. 2008).  In doing so, the Court was required to address the issue of what
the "pertinent art" is.  Since the Sundance decision is relatively recent, the Court looked
to case law interpreting the "person of ordinary skill in the art" standard for guidance in
defining the pertinent art.

Align accurately notes, although the parties did not explicitly say it in their briefs
and arguments on the motions challenging each other's witnesses, there was no issue of
factual dispute as to what the "pertinent arts" are as long as the Court reached the legal
conclusion that there can be more than one field of "pertinent art." "Pertinent" is defined
as "pertaining to the issue at hand; relevant."   Black's Law Dictionary 1165 (7th ed.
1999).  There is no genuine issue of material fact as to whether both orthodontics and
computer programming/biomedical engineering meet this low threshold, and the
positions of both parties as to the expert witnesses made that abundantly clear.  The
factual dispute between the parties is whether a "person of ordinary skill in the art" would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-16 CAS (ANx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Ormco Corp. v. Align Technology, Inc. | | |

have their primary training in orthodontics or software development or biomedical engineering.  In reaching its conclusion, the Court made no findings that limit the parties' arguments as to whether an orthodontist with engineering knowledge or an engineer with orthodontic knowledge is a "person of ordinary skill in the art."

Accordingly, Ormco's ex parte application is DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |